## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 1:22-cv-7389 |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| STATE OF COLORADO, | **STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF AGAINST JONATHAN MARTINEZ** |
| STATE OF FLORIDA, | |
| PEOPLE OF THE STATE OF ILLINOIS, | |
| COMMONWEALTH OF MASSACHUSETTS, and | |
| PEOPLE OF THE STATE OF NEW YORK, | |
|    Plaintiffs, | |
|       v. | |
| ROOMSTER CORP., a corporation, | |
| JOHN SHRIBER, individually and as an officer of ROOMSTER CORP., | |
| ROMAN ZAKS, individually and as an officer of ROOMSTER CORP, and | |
| JONATHAN MARTINEZ, individually and doing business as APPWINN, | |
|    Defendants. | |

Plaintiffs, the Federal Trade Commission ("Commission" or "FTC"), and the States of

California, Colorado, Florida, Illinois, the Commonwealth of Massachusetts, and the State of

New York ("Plaintiff States," and together with the FTC, "Plaintiffs"), filed their Complaint for

Permanent Injunction, Monetary Relief, and other Relief ("Complaint"), pursuant to Section

13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), California Unfair

Competition Law and False Advertising Law, California Business and Professions Code §§ 17200 et seq. and 17500 et seq., the Colorado Consumer Protection Act, Colo. Rev. Stat. §§ 6-1-101, et seq., the Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part 11, Florida Statutes, the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq., Mass. Gen. Laws ch. 93A, §§ 2 and 4, and N.Y. Executive Law § 63(12) and N.Y. GBL §§ 349 and 350. Plaintiffs and Defendant Jonathan Martinez individually and doing business as AppWinn stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Settling Defendant participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45 and state statutes, in connection with misrepresenting that endorsements are truthful reviews by actual users of Roomster's room and roommate finder platform.

3.      Settling Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Settling Defendant admits the facts necessary to establish jurisdiction.

4.      Settling Defendant waives and releases any claims that he may have against the Plaintiffs that relate to this action, including but not limited to any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear his own costs and attorney fees.

5. Settling Defendant waives all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Defendants**" means all of the Individual Defendants and the Corporate Defendant, individually, collectively, or in any combination.

1. "**Corporate Defendant**" means Roomster Corp. and its successors and assigns.

2. "**Individual Defendants**" means John Shriber, Roman Zaks, and Jonathan Martinez individually and doing business as AppWinn.

3. "**Settling Defendant**" means Jonathan Martinez individually and doing business as AppWinn.

## ORDER

### I. BAN ON SELLING REVIEWS OR ENDORSEMENTS

IT IS ORDERED that Settling Defendant is permanently restrained and enjoined from offering for sale or selling consumer reviews or consumer endorsements, whether directly or through an intermediary.

### II. PROHIBITION AGAINST MISREPRESENTATIONS INVOLVING REVIEWS OR ENDORSEMENTS

IT IS FURTHER ORDERED that Settling Defendant, Settling Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any product or service are permanently restrained

and enjoined from making any misrepresentation or assisting others in making any

misrepresentation, expressly or by implication:

    A.  that any consumer review or endorsement is truthful or by an actual user of such

        product or service; or

    B.  through the use of any consumer review or endorsement of such product or

        service.

### III.    NOTIFICATION REGARDING PREVIOUSLY POSTED REVIEWS

IT IS FURTHER ORDERED that within 30 days of the date of entry of this Order,

Settling Defendant must notify Apple, Inc. and Google LLC that Roomster paid Settling

Defendant or his agents for reviews that were posted to such platform. The notification to each

platform must: (A) be sent by email to email addresses previously provided by Plaintiffs; (B)

have the subject line: *FTC et al. v. Roomster Corp. et al.*; (C) identify all reviews for which

Roomster paid Settling Defendant directly or indirectly, by including, at a minimum, each time

frame that reviews were posted and the approximate number of reviews posted during each time

frame; (D) attach copies of the Complaint and of this Order; and (E) copy alinville@ftc.gov and

aburns@ftc.gov unless otherwise directed by a Commission representative in writing.

### IV.    MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

    A.     Judgment in the amount of One Hundred Thousand Dollars ($100,000) is entered

in favor of Plaintiff States against Settling Defendant as monetary relief.

    B.     Settling Defendant is ordered to pay to Plaintiff States One Hundred Thousand

Dollars ($100,000), which, as Settling Defendant stipulates, his undersigned counsel holds in

escrow for no purpose other than payment to Plaintiff States.  Payments must be made within 7

days of entry of this Order to each of the Plaintiff States by electronic fund transfer in accordance with instructions provided by a representative of Plaintiff States as follows:

1.      Judgment in the amount of $16,666.67 in favor of Plaintiff State of California and against Settling Defendant. This payment shall be allocated and used in accordance with Section 17206 of the Business and Professions Code;

2.      Judgment in the amount of $16,666.67 in favor of Plaintiff State of Colorado and against Settling Defendant, which shall be held, along with any interest thereon, in trust by the Colorado Attorney General to be used in the Colorado Attorney General's sole discretion for reimbursement of attorneys' fees and costs, the payment of consumer restitution, if any, and for consumer or creditor educational purposes, for future consumer credit or consumer protection enforcement, or public welfare purposes;

3.      Judgment in the amount of $16,666.67 in favor of Plaintiff State of Florida and against Settling Defendant, which amount will be payable to the Department of Legal Affairs and will be used in the Florida Attorney General's sole discretion for consumer restitution, or if the Florida Attorney General is unable to locate consumers for restitution or determines that restitution is not practical, the Florida Attorney General will deposit any remaining monies into the Department of Legal Affairs Revolving Trust Fund to defray the costs of restitution distribution and any attorney's fees and costs, or as fees and costs associated with ongoing and future enforcement initiatives pursuant to FDUTPA;

4.      Judgment in the amount of $16,666.67 in favor of Plaintiff State of Illinois and against Settling Defendant, which amount will be deposited into the Attorney General Court Ordered and Voluntary Compliance Payment Projects Fund for subsequent expenditure by the Illinois Attorney General for any purpose authorized by Section 7(e)

of the Consumer Fraud Act, 815 ILCS 505/7(e);

      5.      Judgment in the amount of $16,666.66 in favor of Plaintiff State the Commonwealth of Massachusetts and against Settling Defendant, which the Massachusetts Attorney General may distribute in any amount, allocation or apportionment and for any purpose permitted by law, including but not limited to payments to or for consumers, payments to the General Fund of the Commonwealth of Massachusetts, and/or payments to the Local Consumer Aid Fund established pursuant to G.L. c. 12, § 11G; and

      6.      Judgment in the amount of $16,666.66 in favor of Plaintiff State of New York and against Settling Defendant, which amount will be used by the Office of the New York Attorney General for restitution, costs or any other lawful purpose, in its sole discretion.

      C.      Settling Defendant is responsible for any fees associated with the electronic fund transfers.

## V.     ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

      A.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of Plaintiff States, including in a proceeding to enforce their rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

      B.      The facts alleged in the Complaint establish all elements necessary to sustain an action pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

C.      Plaintiff States may apply any money received by them pursuant to this Order for any purpose permitted under state law. Settling Defendant has no right to challenge any actions Plaintiff States or their representatives may take pursuant to this Subsection.

## VI.      COOPERATION

IT IS FURTHER ORDERED that Settling Defendant must fully cooperate with representatives of Plaintiffs in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  Settling Defendant must provide truthful and complete information, evidence, and testimony.  Such Settling Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that a Plaintiff representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Plaintiff representative may designate, without the service of a subpoena.

## VII.      ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Settling Defendant obtain acknowledgments of receipt of this Order:

A.      Settling Defendant, within 7 days of entry of this Order, must submit to Plaintiffs an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For 3 years after entry of this Order, Settling Defendant for any business that such Settling Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.

Delivery must occur within 7 days of entry of this Order for current personnel.  For all others,

delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which Settling Defendant delivered a copy of

this Order, Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment

of receipt of this Order.

## VIII.   COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Settling Defendant make timely submissions to

Plaintiffs:

A.      One year after entry of this Order, Settling Defendant must submit a compliance

report, sworn under penalty of perjury:

1.      Settling Defendant must:  (a) identify the primary physical, postal, and

email address and telephone number, as designated points of contact, which

representatives of the Plaintiffs may use to communicate with Settling Defendant; (b)

identify all of Settling Defendant's businesses by all of their names, telephone numbers,

and physical, postal, email, and Internet addresses; (c) describe the activities of each

business, including the products and services offered, any use of consumer reviews or

endorsements, and the involvement of any other Defendant (which Settling Defendant

must describe if he knows or should know due to his own involvement); (d) describe in

detail whether and how Settling Defendant is in compliance with each Section of this

Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this

Order, unless previously submitted to the Commission.

2.      Additionally, Settling Defendant must:  (a) identify all telephone numbers

and all physical, postal, email and Internet addresses, including all residences; (b)

identify all business activities, including any business for which Settling Defendant

performs services whether as an employee or otherwise and any entity in which Settling

Defendant has any ownership interest; and (c) describe in detail Settling Defendant's

involvement in each such business, including title, role, responsibilities, participation,

authority, control, and any ownership.

B.      For 10 years after entry of this Order, Settling Defendant must submit a

compliance notice, sworn under penalty of perjury, within 14 days of any change in the

following:

1.      Settling Defendant must report any change in: (a) any designated point of

contact; or (b) the structure of any entity that Settling Defendant has any ownership

interest in or controls directly or indirectly that may affect compliance obligations arising

under this Order, including: creation, merger, sale, or dissolution of the entity or any

subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.      Additionally, Settling Defendant must report any change in: (a) name,

including aliases or fictitious name, or residence address; or (b) title or role in any

business activity, including any business for which Settling Defendant performs services

whether as an employee or otherwise and any entity in which Settling Defendant has any

ownership interest, and identify the name, physical address, and any Internet address of

the business or entity.

C.      Settling Defendant must submit to Plaintiffs notice of the filing of any bankruptcy

petition, insolvency proceeding, or similar proceeding by or against Settling Defendant within 14

days of its filing.

D.      Any submission to Plaintiffs required by this Order to be sworn under penalty of

perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I

declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.  Executed on:  _____" and supplying the date, signatory's full

name, title (if applicable), and signature.

E.      Unless otherwise directed by a Plaintiff representative in writing, all submissions

to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by

overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau

of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW,

Washington, DC  20580.  The subject line must begin: *FTC et al. v. Roomster Corp. et al.*,

Matter No. 1923205.

## IX.     RECORDKEEPING

IT IS FURTHER ORDERED that Settling Defendant must create certain records for 10

years after entry of the Order, and retain each such record for 5 years.  Specifically, Settling

Defendant for any business that he, individually or collectively with any other Defendants, is a

majority owner or controls directly or indirectly, must create and retain the following records:

A.      accounting records showing the revenues from all products or services sold, the

costs incurred in generating those revenues, and the resulting net profit or loss;

B.      personnel records showing, for each person providing services, whether as an

employee or otherwise, that person's: name; addresses; telephone numbers; job title or position;

dates of service; and (if applicable) the reason for termination;

C.      records of all consumer complaints and refund requests, whether received directly

or indirectly, such as through a third party, and any response; and

D.      all records necessary to demonstrate full compliance with each provision of this

Order, including all submissions to Plaintiffs.

## X.    COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Settling Defendant's compliance with this Order, including any failure to transfer any assets as required by this Order:

A.    Within 14 days of receipt of a written request from a representative of a Plaintiff, Settling Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  Each Plaintiff is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.    For matters concerning this Order, each Plaintiff is authorized to communicate directly with Settling Defendant.  Settling Defendant must permit representatives of the Plaintiffs to interview any employee or other person affiliated with Settling Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.    Plaintiffs may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Settling Defendant or any individual or entity affiliated with Settling Defendant, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.    Upon written request from a representative of a Plaintiff, any consumer reporting agency must furnish consumer reports concerning Settling Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XI.    RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.


**SO ORDERED this ___ day of _____, 2022.**


_____

UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFFS:**

**FOR THE FEDERAL TRADE COMMISSION:**

Dated: 8/30/22 _____

ANGELEQUE P. LINVILLE
alinville@ftc.gov; (404) 656-1354
VALERIE M. VERDUCE
vverduce@ftc.gov; (404) 656-1355
Federal Trade Commission
233 Peachtree Street, Suite 1000
Atlanta, GA 30303
Facsimile: (404) 656-1379

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**FOR THE PEOPLE OF THE STATE OF CALIFORNIA:**

Dated: 8/29/22

ROB BONTA
Attorney General, State of California

NICKLAS A. AKERS
Senior Assistant Attorney General

EMILY KALANITHI
Deputy Attorney General
emily.kalanithi@doj.ca.gov; (415) 510-3468
JON F. WORM
Supervising Deputy Attorney General
jon.worm@doj.ca.gov ; (619) 738-9325
CAROLINE E. WILSON
Deputy Attorney General
callie.wilson@doj.ca.gov; (415) 229-0106

California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., 11th Fl.
San Francisco, CA 94102

Attorneys for Plaintiff
PEOPLE OF THE STATE OF CALIFORNIA

**FOR THE STATE OF COLORADO:**

Dated: *August 30, 2022*

PHILIP J. WEISER
Attorney General
State of Colorado

ABIGAIL M. HINCHCLIFF
First Assistant Attorney General
Abigail.Hinchcliff@coag.gov; (720) 508-6000
BRADY J. GRASSMEYER
Assistant Attorney General
Brady.grassmeyerg@coag.gov; (720) 508-6000
1300 Broadway, 10th Floor
Denver, CO 80203

Attorneys for Plaintiff
STATE OF COLORADO

**FOR THE STATE OF FLORIDA:**

Dated: *8/29/22*

ASHLEY MOODY
Attorney General, State of Florida

Ryann H. Flack
Ryann.Flack@myfloridalegal.com; (786) 792-6249
Miles Vaughn
Miles.Vaugh@myfloridalegal.com; (813) 287-7257
Office of the Attorney General
Consumer Protection Division
SunTrust International Center
1 S.E. 3rd Avenue, Suite 900
Miami, FL 33131

Attorneys for Plaintiff
STATE OF FLORIDA

16

**FOR THE PEOPLE OF THE STATE OF ILLINOIS:**

Dated: 8-29-22

KWAME RAOUL
Attorney General of Illinois

CASSANDRA HALM
Assistant Attorney General
Cassandra.Halm@ilag.gov; (217) 725-9591

ELIZABETH BLACKSTON
Bureau Chief
Elizabeth.Blackston@ilag.gov; (217) 725-8649

Office of the Illinois Attorney General
500 South Second Street
Springfield, IL 62701

Attorneys for Plaintiff
THE PEOPLE OF THE STATE OF ILLINOIS

17

**FOR THE COMMONWEALTH OF MASSACHUSETTS:**

Dated: _August 29, 2022_

MAURA HEALEY
Attorney General
Commonwealth of Massachusetts

_____

Mychii Snape
Assistant Attorney General
Mychii.Snape@mass.gov; (617) 727-2200
Consumer Protection Division
Office of the Attorney General
One Ashburton Place
Boston, MA 02108, 18th Floor

Attorney for Plaintiff
COMMONWEALTH OF MASSACHUSETTS

18

**FOR THE PEOPLE OF THE STATE OF NEW YORK:**

Dated:  _____8/30/2022_____          LETITIA JAMES
                                     Attorney General of the State of New York

                                         S/ Melvin L. Goldberg
                                     _____
                                     MELVIN L. GOLDBERG (NY 1828284)
                                     Assistant Attorney General
                                     Melvin.Goldberg@ag.ny.gov; (212) 416-8296
                                     28 Liberty Street
                                     New York, New York 10005
                                     Facsimile: 212-416-6003

                                     Attorney for Plaintiff
                                     PEOPLE OF THE STATE OF NEW YORK

                                     and

                                     JANE M. AZIA
                                     Bureau Chief
                                     Consumer Frauds and Protection Bureau

                                     LAURA J. LEVINE
                                     Deputy Bureau Chief
                                     Bureau of Consumer Frauds and Protection

                                     Of Counsel for Plaintiff
                                     PEOPLE OF THE STATE OF NEW YORK

**FOR DEFENDANT:**

Date: _05/27/22_____

Kristin Madigan
kmadigan@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA  94111
Telephone:  415.986.2800
Facsimile:  415.986.2827

COUNSEL for Jonathan Martinez,
individually and doing business as AppWinn

**DEFENDANT:**

Date: _05/27/22_____

JONATHAN MARTINEZ, INDIVIDUALLY
AND DOING BUSINESS AS APPWINN