## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>STATE OF COLORADO,<br><br>STATE OF FLORIDA,<br><br>PEOPLE OF THE STATE OF ILLINOIS,<br><br>COMMONWEALTH OF MASSACHUSETTS,<br><br>and<br><br>PEOPLE OF THE STATE OF NEW YORK,<br><br>Plaintiffs,<br><br>v.<br><br>ROOMSTER CORP., a corporation,<br><br>JOHN SHRIBER, individually and as an officer of Roomster Corp.,<br><br>ROMAN ZAKS, individually and as an officer of Roomster Corp., and<br><br>JONATHAN MARTINEZ, individually and doing business as AppWinn,<br><br>Defendants. | Case No: 1:22-cv-7389 (CM) (SN)<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants Roomster Corp. ("Roomster"), John Shriber ("Shriber"), and Roman Zaks ("Zaks") (together, "Defendants"), upon knowledge and/or upon information and belief, answers the Complaint for Permanent Injunction, Monetary Relief, and Other Relief (the "Complaint," ECF No. 4) filed on August 30, 2022 by Plaintiffs Federal Trade Commission (the "FTC"), the People of the State of California, Attorneys General of the States of Colorado, Florida, Illinois, and the Commonwealth of Massachusetts, and the People of the State of New York ("Plaintiff States," and together with the FTC, "Plaintiffs") as follows. Unless otherwise stated, Defendants use the terms and phrases set forth in the Complaint. In doing so, however, Defendants do not admit that the definitions set forth in the Complaint are proper.

1.      Defendants state that Paragraph 1 of the Complaint contains legal conclusions to which no response is required, except deny that "Defendants' acts or practices" are "in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a)."

2.      Defendants state that Paragraph 2 of the Complaint contains legal conclusions to which no response is required, except deny the existence of "Defendants' state law violations."

## SUMMARY OF CASE

3.      Defendants deny the allegations in Paragraph 3 of the Complaint, except admit Defendants "operate an internet-based room and roommate finder platform called 'Roomster.'"

4.      Defendants deny the allegations in Paragraph 4 of the Complaint.

5.      Defendants deny the allegations in Paragraph 5 of the Complaint.

6.      Defendants deny the allegations in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.      Defendants state that Paragraph 7 of the Complaint contains legal conclusions to which no response is required.

8.      Defendants state that Paragraph 8 of the Complaint contains legal conclusions to which no response is required.

### **PLAINTIFFS**

9.      Defendants deny the allegations in Paragraph 9 of the Complaint, except admit that the "FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce."

10.     Defendants state that Paragraph 10 of the Complaint contains legal conclusions to which no response is required.

11.     Defendants state that Paragraph 11 of the Complaint contains legal conclusions to which no response is required.

12.     Defendants deny the allegations in Paragraph 12 of the Complaint and further state that it contains legal conclusions to which no response is required.

13.     Defendants state that Paragraph 13 of the Complaint contains legal conclusions to which no response is required.

14.     Defendants state that Paragraph 14 of the Complaint contains legal conclusions to which no response is required, except admit that "Massachusetts provided the statutorily required notice to Defendants more than five days prior to commencing this action."

15.     Defendants deny the allegations in Paragraph 15 of the Complaint, including the allegation stating that New York may obtain nationwide restitution, except admit that "New York provided the statutorily required notice to Defendants," and further state that Paragraph 15 of the Complaint contains legal conclusions to which no response is required.

## <u>DEFENDANTS</u>

16.     Defendants deny the allegations in Paragraph 16 of the Complaint, except admit that Roomster is a "small company that is co-owned by Defendants John Shriber and Roman Zaks."

17.     Defendants deny the allegations in Paragraph 17 of the Complaint, except admit that Shriber is the "co-founder, co-owner, and Chief Executive Officer" of Roomster.

18.     Defendants deny the allegations in Paragraph 18 of the Complaint, except admit that Zaks is the "Chief Technology Officer, and along with Defendant Shriber, the co-founder and co-owner of Roomster."

19.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and on that basis deny them.

## <u>COMMERCE</u>

20.     Defendants deny the allegations in Paragraph 20 of the Complaint and further state that it contains legal conclusions to which no response is required.

## <u>DEFENDANTS' BUSINESS ACTIVITIES</u>

21.     Defendants admit the allegations in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations in Paragraph 25 of the Complaint.

26.    Defendants deny the allegations in Paragraph 26 of the Complaint, except state that Defendants are without knowledge or information sufficient to form a belief as to the FTC's "undercover investigation" and any information relating thereto.

27.    Defendants deny the allegations in Paragraph 27 of the Complaint, except admit that Defendants do business through app stores.

28.    Defendants deny the allegations in Paragraph 28 of the Complaint, except admit that "app stores provide mobile application users the opportunity to leave customer reviews," and further state that Paragraph 28 of the Complaint contains legal conclusions to which no response is required.

29.    Defendants deny the allegations in Paragraph 29 of the Complaint and further state that it contains legal conclusions to which no response is required.

30.    Defendants deny the allegations in Paragraph 30 of the Complaint.

31.    Defendants deny the allegations in Paragraph 31 of the Complaint and further state Defendants are without knowledge or information sufficient to form a belief as to whether "Defendant Martinez utilized more than 2,500 fake iTunes accounts, as well as fake gmail accounts, to push out fake reviews on Roomsters' apps" and to what Martinez's website stated before he became aware of the FTC's investigation.

32.    Defendants deny the allegations in Paragraph 32 of the Complaint.

33.    Defendants deny the allegations in Paragraph 33 of the Complaint.

34.    Defendants deny the allegations in Paragraph 34 of the Complaint.

35.    Defendants deny the allegations in Paragraph 35 of the Complaint.

36.    Defendants deny the allegations in Paragraph 36 of the Complaint.

37.    Defendants deny the allegations in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations in Paragraph 40 of the Complaint and further state that Defendants are without knowledge or information sufficient to form a belief as to whether "the reviews in Paragraph 39 were fabricated."

41.     Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations in Paragraph 43 of the Complaint, and further state that Defendants are without knowledge or information sufficient to form a belief as to whether "consumers are soon bombarded by fraudsters" and what the contents of those communications may be, if any exist.

44.     Defendants deny the allegations in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations in Paragraph 45 of the Complaint.

46.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint.

## <u>VIOLATIONS OF THE FTC ACT</u>

**Count I**
**False Endorsements**
**(Against all Defendants)**

47.     Defendants repeat and incorporate by reference their answers to Paragraphs 1-46 of the Complaint as if fully set forth herein. Defendants deny the allegations in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the Complaint and further state that it contains legal conclusions to which no response is required.

### Count II
### Misrepresentations that Listings Are Verified, Authentic, or Available
### (Against the Roomster Defendants)

50.     Defendants deny the allegations in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations in Paragraph 52 of the Complaint and further state that it contains legal conclusions to which no response is required.

## VIOLATIONS OF STATE LAWS

### Count III
### Violations of New York Executive Law Section 63(12)
### (By Plaintiff People of the State of New York Against All Defendants)

53.     Defendants repeat and incorporate by reference their answers to Paragraphs 1-46 of the Complaint as if fully set forth herein. Defendants deny the allegations in Paragraph 53 of the Complaint and further state that it contains legal conclusions to which no response is required.

### Count IV
### Violations of New York General Business Law Article 22-A
### (By Plaintiff People of the State of New York Against All Defendants)

54.     Defendants repeat and incorporate by reference their answers to Paragraphs 1-46 of the Complaint as if fully set forth herein. Defendants deny the allegations in Paragraph 54 of the Complaint and further state that it contains legal conclusions to which no response is required.

### Count V
### Violations of California Business and Professions Code § 17500 *et seq.*
### (False or Misleading Statements)
### (By Plaintiff People of the State of California Against All Defendants)

55.     Defendants repeat and incorporate by reference their answers to Paragraphs 1-52 of the Complaint as if fully set forth herein.

56.     Defendants deny the allegations in Paragraph 56 of the Complaint and further state that it contains legal conclusions to which no response is required.

57.     Defendants deny the allegations in Paragraph 57 and its subparts (a) through (b) of the Complaint.

58.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and its subpart (a) of the Complaint.

**Count VI**
**Violations of California Business and Professions Code § 17200 *et seq.***
**(Unlawful, Unfair, and/or Fraudulent Business Practices)**
**(By Plaintiff People of the State of California Against All Defendants)**

59.     Defendants repeat and incorporate by reference their answers to Paragraphs 1-52 and 55-58 of the Complaint as if fully set forth herein.

60.     Defendants deny the allegations in Paragraph 60 and its subparts (a) through (e) of the Complaint and further state that they contain legal conclusions to which no response is required.

**Count VII**
**Violations of the Colorado Consumer Protection Act (CCPA)**
**(Knowingly or recklessly making a false representation as to the source, sponsorship, approval, or certification of goods, services, or property, C.R.S. § 6-1-105(1)(b))**
**(By Plaintiff State of Colorado Against the Roomster Defendants)**

61.     Defendants repeat and incorporate by reference their answers to Paragraphs 1-60 of the Complaint as if fully set forth herein.

62.     Defendants deny the allegations in Paragraph 62 of the Complaint and further state that it contains legal conclusions to which no response is required.

63.     Defendants deny the allegations in Paragraph 63 and its subparts (a) through (b) of the Complaint.

64.     Defendants deny the allegations in Paragraph 64 of the Complaint.

**Count VIII**
**Violations of the Colorado Consumer Protection Act (CCPA)**
**(Knowingly or recklessly making false representations as to affiliation, connection, or association with or certification by another, C.R.S. § 6-1-105(1)(c))**
**(By Plaintiff State of Colorado Against All Defendants)**

65.     Defendants repeat and incorporate by reference their answers to Paragraphs 1-64 of the Complaint as if fully set forth herein.

66.     Defendants deny the allegations in Paragraph 66 of the Complaint and further state that it contains legal conclusions to which no response is required.

67.     Defendants deny the allegations in Paragraph 67 of the Complaint,

68.     Defendants deny the allegations in Paragraph 68 of the Complaint.

**Count IX**
**Violations of the Colorado Consumer Protection Act (CCPA)**
**(Knowingly or recklessly engaging in any unfair, unconscionable, deceptive, deliberately misleading, false, or fraudulent act or practice, C.R.S. § 6-1-105(1)(kkk)[1])**
**(By Plaintiff State of Colorado against the Roomster Defendants)**

69.     Defendants repeat and incorporate by reference their answers to Paragraphs 1-68 of the Complaint as if fully set forth herein.

70.     Defendants deny the allegations in Paragraph 70 of the Complaint and further state that it contains legal conclusions to which no response is required.

71.     Defendants deny the allegations in the Paragraph 71 and its subparts (a) through (b) of the Complaint.

---

[1] Effective October 1, 2022, C.R.S. § 6-1-105(1)(kkk) will be recodified to C.R.S. 6-1-105(1)(rrr). Colo. Gen. Assembly HB 22-1287, § 27 (May 26, 2022). The statute's language will not change.

**Count X**
**Violations of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA)**
**(False Endorsements)**
**(By Plaintiff State of Florida Against All Defendants)**

72.     Defendants repeat and incorporate by reference their answers to Paragraphs 1-46 of the Complaint as if fully set forth herein. Defendants deny the allegations in Paragraph 72 of the Complaint and further state that it contains legal conclusions to which no response is required.

73.     Defendants state that Paragraph 73 of the Complaint contains legal conclusions to which no response is required.

74.     Defendants state that Paragraph 74 of the Complaint contains legal conclusions to which no response is required.

75.     Defendants deny the allegations in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations in Paragraph 77 of the Complaint and further state that it contains legal conclusions to which no response is required.

78.     Defendants deny the allegations in Paragraph 78 of the Complaint and further state that it contains legal conclusions to which no response is required.

**Count XI**
**Violations of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA)**
**(Misrepresentations that Listings Are Verified, Authentic, or Available)**
**(By Plaintiff State of Florida Against the Roomster Defendants)**

79.     Defendants repeat and incorporate by reference their answers to Paragraphs 1-46 of the Complaint as if fully set forth herein. Defendants deny the allegations in Paragraph 79 of the Complaint and further state that it contains legal conclusions to which no response is required.

80.     Defendants state that Paragraph 80 of the Complaint contains legal conclusions to which no response is required.

81.     Defendants deny the allegations in Paragraph 81 of the Complaint and further state that it contains legal conclusions to which no response is required.

82.     Defendants deny the allegations in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations in Paragraph 84 of the Complaint and further state that it contains legal conclusions to which no response is required.

85.     Defendants deny the allegations in Paragraph 85 of the Complaint and further state that it contains legal conclusions to which no response is required.

**Count XII**
**Violations of the Illinois Consumer Fraud and Deceptive Business Practices Act**
**(Misrepresentations)**
**(By Plaintiff State of Illinois Against All Defendants)**

86.     Defendants repeat and incorporate by reference their answers to Paragraphs 1-46 of the Complaint as if fully set forth herein.

87.     Defendants deny the allegations in Paragraph 87 of the Complaint and further state that it contains legal conclusions to which no response is required.

**Count XIII**
**Violations of the Illinois Consumer Fraud and Deceptive Business Practices Act**
**(Misrepresentations)**
**(By Plaintiff State of Illinois against the Roomster Defendants)**

88.     Defendants repeat and incorporate by reference their answers to Paragraphs 1-46 of the Complaint as if fully set forth herein.

89.     Defendants deny the allegations in Paragraph 89 of the Complaint and further state that it contains legal conclusions to which no response is required.

**Count XIV**
**Violations of the Massachusetts Consumer Protection Act**
**(Unfair or Deceptive Acts and Practices)**
**(By Plaintiff Commonwealth of Massachusetts Against All Defendants)**

90.     Defendants repeat and incorporate by reference their answers to Paragraphs 1-52 of the Complaint as if fully set forth herein.

91.     Defendants deny the allegations in Paragraph 91 of the Complaint and further state that it contains legal conclusions to which no response is required.

**Count XV**
**Violations of the Massachusetts Consumer Protection Act**
**(Unfair or Deceptive Acts and Practices)**
**(By Plaintiff Commonwealth of Massachusetts Against the Roomster Defendants)**

92.     Defendants repeat and incorporate by reference their answers to Paragraphs 1-52 of the Complaint as if fully set forth herein.

93.     Defendants deny the allegations in Paragraph 93 of the Complaint and further state that it contains legal conclusions to which no response is required.

## <u>CONSUMER INJURY</u>

94.     Defendants deny the allegations in Paragraph 94 of the Complaint and further state that it contains legal conclusions to which no response is required.

## <u>PRAYER FOR RELIEF</u>

Defendants state that the unnumbered wherefor clause and the paragraphs following Paragraph 94 of the Complaint are a prayer for relief to which no response is required. Defendants aver, however, that Plaintiffs are entitled to no relief, and that judgment should be entered in Defendants' favor on all Counts of the Complaint.

**ANY ALLEGATION IN THE COMPLAINT NOT SPECIFICALLY ADMITTED IS**

**EXPRESSLY DENIED.**

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses. In asserting these defenses, Defendants do not assume the burden with respect to any issue as to which applicable law places the burden on the Plaintiffs. Nothing stated herein is intended to be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiffs' allegations. Nor shall anything stated or unstated constitute an admission of any kind.

### First Affirmative Defense
### (Compliance with Applicable Law)

Plaintiffs' claims are barred because Defendants' conduct is not unlawful in that Defendants complied with applicable statutes and regulations.

### Second Affirmative Defense
### (Failure to State a Claim)

The Complaint fails to state a claim on which relief can be granted.

### Third Affirmative Defense
### (Failure to Allege Plausible Harm)

The Complaint fails to allege any plausible harm to consumer welfare.

### Fourth Affirmative Defense
### (Due Process Violation)

Plaintiffs' claims are barred because Defendants lack notice as to what constitutes unfair or deceptive trade practices because the underlying federal and state consumer protection statutes are impermissibly vague.

### Fifth Affirmative Defense
### (Immunity)

Plaintiffs' claims are barred because Defendants are immune from liability pursuant to Section 230 of the Communication Decency Act.

12

**<u>Sixth Affirmative Defense</u>**
**(Constitutional Violation)**
**(As to the State of New York's Claim for Nationwide Restitution)**

The State of New York's claims for nationwide restitution are barred because they are unconstitutional.

**<u>Seventh Affirmative Defense</u>**
**(Good Faith Belief and Conduct)**

Plaintiffs' claims are barred because the acts and statements of Defendants were fair and reasonable and were performed in good faith based on all the relevant facts known to Defendants. Defendants acted with a good faith belief that it had good cause or legitimate business reasons to act as it did and did not directly or indirectly perform any acts that would constitute a violation of consumers' rights. As a consequence, Plaintiffs are not entitled to any relief whatsoever.

**<u>Eighth Affirmative Defense</u>**
**(Mootness)**
**(As To The FTC's Claims)**

The FTC's claims are barred because they are moot. There is no reasonable basis for the FTC's requested relief because any alleged violations under the FTC Act have long ceased.

**<u>Ninth Affirmative Defense</u>**
**(Lack of Constitutional Authority)**
**(As To The FTC's Claims)**

The FTC's claims are barred because the FTC lacks constitutional authority to initiate this litigation seeking injunctive relief.

**<u>Tenth Affirmative Defense</u>**
**(Waiver)**

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

### Eleventh Affirmative Defense
**(No Third Party Liability)**

Defendants cannot be held liable for independent events or occurrences or for unilateral acts or omissions of independent third parties.

### Twelfth Affirmative Defense
**(Lack Of Causation)**

Plaintiffs' claims are barred in whole or in part because any conduct by Defendants was not the actual or proximate cause of any alleged loss or injury.

### Thirteenth Affirmative Defense
**(Failure To Mitigate)**

Plaintiffs and/or the consumers they purport to protect or redress through this suit failed to mitigate the alleged damages, and to the extent of such failure to mitigate, any damages award to Plaintiff and/or redress to consumers should be reduced accordingly. Upon information and belief, Defendants allege that Plaintiffs and the consumers for whom they seek redress failed to mitigate any alleged damages by taking or failing to undertake conduct.

### Fourteenth Affirmative Defense
**(Payments, Refunds, Reductions In Costs, Other Redress)**

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs and/or the consumers they purport to protect have received any payment, refund, rebate, reduction in fees, coupon, replacement service or product, or other redress from Defendants.

### Fifteenth Affirmative Defense
**(Receipt Of Full Benefits Of Products Or Services)**

Plaintiffs' claims are barred in whole or in part because Plaintiffs and/or the consumers they purport to protect have enjoyed the full benefit of their purchase of services and/or products that are the subject of the Complaint.

**Sixteenth Affirmative Defense**
**(No Act, Practice, Or Statement By Defendants Is Deceptive, Unfair, False, Unlawful, Untrue, Or Misleading)**

Plaintiffs' claims are barred because no act, practice, or statement by Defendants is deceptive, unfair, false, unlawful, untrue, or misleading.

**Seventeenth Affirmative Defense**
**(Contrary To The Public Interest)**

The requested relief, if granted, would be inequitable and would be contrary to the public interest.

**Eighteenth Affirmative Defense**
**(Lack Of Materiality)**

The challenged alleged misrepresentations, including those excerpted by Plaintiffs in the Complaint, were not material to the purchasing decisions of consumers as alleged in the Complaint.

**Nineteenth Affirmative Defense**
**(Estoppel)**

Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

**RESERVATION OF RIGHTS**

Defendants lack sufficient information regarding the facts and evidence alleged and are therefore unable to ascertain at this time any additional affirmative defenses which Defendants may have. Therefore, Defendants expressly reserve the right to amend this Answer to assert other affirmative defenses, as warranted by facts learned through investigation and discovery, at trial, or otherwise.

Dated: New York, New York
           February 15, 2023

GREENBERG TRAURIG, LLP

*/s/ Jennifer A. Surprenant*
Jennifer A. Surprenant
Sarah E. Atlas
One Vanderbilt Avenue
New York, NY 10017
Tel: (212) 801-9200
Fax: (212) 801-6400
SurprenantJ@gtlaw.com
AtlasS@gtlaw.com

Andrew G. Berg
2101 L Street, N.W.
Suite 1000
Washington, DC  20037
Tel: (202) 331-3181
BergA@gtlaw.com

Gary E. Snyder
Terminus 200
3333 Piedmont Road NE
Suite 2500
Atlanta, GA  30305
Tel: (678) 553-2121
SnyderG@gtlaw.com

*Counsel for Defendants*