UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| PEOPLE OF THE STATE OF CALIFORNIA, | Case No: 1:22-cv-7389 |
| STATE OF COLORADO, | |
| STATE OF FLORIDA, | [~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |
| PEOPLE OF THE STATE OF ILLINOIS, | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 5/18/2023 |
| COMMONWEALTH OF MASSACHUSETTS, and | |
| PEOPLE OF THE STATE OF NEW YORK, | |
| Plaintiffs, | |
| v. | |
| ROOMSTER CORP., a corporation, | |
| JOHN SHRIBER, individually and as an officer of Roomster Corp., | |
| ROMAN ZAKS, individually and as an officer of Roomster Corp., and | |
| JONATHAN MARTINEZ, individually and doing business as AppWinn, | |
| Defendants. | |

The Court enters this protective order pursuant to Fed. R. Civ. P. 26(c) and 5.2(e).

**I.   DEFINITIONS**

    A.   "Commission" means Plaintiff, Federal Trade Commission.

    B.   "Confidential Material" means any material that: (1) contains information that is not known to be in the public domain such as trade secrets, confidential commercial or financial

1

information, or confidential research and development information; and (2) reasonably would cause specific or cognizable harm if disclosed publicly or to unauthorized persons.

C. "Plaintiff States" means Plaintiffs, the People of the State of California, Attorneys General of the States of Colorado, Florida, Illinois, and the Commonwealth of Massachusetts, and the People of the State of New York.

D. "Sensitive Personal Information" means any:

1. Social Security number;

2. Sensitive health-related data including medical records;

3. Biometric identifier;

4. Any one or more of the following when combined with an individual's name, address, or phone number: (a) date of birth, (b) driver's license or other state identification number, or a foreign equivalent, (c) military identification number, (d) passport number, (e) financial institution account number, or (f) credit or debit card number;

5. An individual's name, if that individual is a minor;

6. An individual's telephone number, email address, or home address, unless relevant to a claim or defense of any party; or

7. Other sensitive information relating to an individual entitled to confidential status under applicable law or by order of this Court.

E. "Undercover Information" means any information relating to undercover identities that Commission employees used in connection with their investigation of the Defendants, including undercover names and any related phone numbers, email addresses, physical addresses, credit card numbers, or other payment information.

## II. DESIGNATING CONFIDENTIAL MATERIAL

A.    If a party or a non-party has a good faith belief that material required to be produced in discovery contains Confidential Material and that good cause exists to overcome the presumption of public access to material obtained in pretrial discovery, the party or non-party must designate such material as follows:

1.    For paper materials, stamp "CONFIDENTIAL" on each page that contains Confidential Material.

2.    For electronically stored information, brand it as "CONFIDENTIAL," and mark the storage medium holding the information as "CONFIDENTIAL."

3.    For deposition transcripts, identify the specific pages and line numbers that contain Confidential Material within 10 days of receipt of the final transcript. If any testimony is identified as Confidential Material during a deposition, absent agreement on the scope of confidentiality, the entire transcript shall be treated as confidential until 10 days after the designating entity's receipt of the final transcript.

B.    The party or non-party making the designation ("the designating entity") must designate as confidential only those portions of materials that contain Confidential Material. Mass or indiscriminate designation of materials as Confidential Material is prohibited.

## III. INADVERTENT FAILURE TO DESIGNATE CONFIDENTIAL MATERIALS

An inadvertent failure to designate Confidential Material prior to disclosure does not preclude a subsequent designation, but a recipient's prior disclosure of newly designated Confidential Material shall not violate this Order. In the event of subsequent designation of Confidential Material after disclosure, the parties shall cooperate to protect such material from future dissemination or public access.

### IV. CHALLENGING CONFIDENTIALITY DESIGNATIONS

A. Any party receiving Confidential Material may challenge the designating entity's confidentiality designation by sending the designating entity a written objection that sets forth the objecting party's basis for why the material is not confidential.

B. Within 7 days of a written objection to the designation of Confidential Material, the designating entity and the objecting party must meet and confer in good faith to resolve the objection.

C. If the designating entity and the objecting party are unable to resolve the dispute, the designating entity must move the Court for a protective order to uphold the confidentiality designation within 10 days of the meet and confer. Failure to seek a protective order within 10 days of the meet and confer terminates confidential treatment for the material.

D. The burden of establishing that the confidentiality designation is proper is on the designating entity.

E. Any person or entity receiving Confidential Material may use the procedures set forth in this section to challenge the designating entity's confidentiality designation.

### V. PERMITTED DISCLOSURES OF CONFIDENTIAL MATERIALS AND SENSITIVE PERSONAL INFORMATION

A. Confidential Material or Sensitive Personal Information may be disclosed only to:

1. the Court and court personnel;

2. the parties' counsel and the parties' counsel's designated employees;

3. experts, consultants, contractors, or other persons consulted or retained by the parties or counsel to assist in this litigation (including their employees), provided that they sign Exhibit 1 or execute the FTC's confidentiality or nondisclosure agreement;

4

    4.    any person (and his or her counsel) who had prior access to the Confidential Material or Sensitive Personal Information or participated in a communication that is the subject of the Confidential Material or Sensitive Personal Information;

    5.    any other witnesses or persons whom the disclosing party believes in good faith may be witnesses (and their respective counsel), provided that they have signed Exhibit 1; and

    6.    any other persons or entities as required by law or as authorized by this Court.

    B.    Notwithstanding the limitations set forth in Section V.A and subject to taking appropriate steps to preserve confidentiality, the Commission may disclose Confidential Material or Sensitive Personal Information to other governmental entities, as provided by 16 C.F.R. §§ 4.9–4.11, 15 U.S.C. §§ 46(f) and 57b-2, or as otherwise authorized or required by law. Such entities include officers and employees of Federal or State law enforcement agencies (including duly authorized employees of the Commission) and congressional committees.

    C.    Notwithstanding the limitations set forth in Section V.A and subject to taking appropriate steps to preserve confidentiality, the Plaintiff States may disclose Confidential Material or Sensitive Personal Information as authorized or required by law.

## VI. USE OF CONFIDENTIAL MATERIAL IN LITIGATION

A party or non-party seeking to file Confidential Material publicly must redact such material before filing or file such material under seal concurrently with a motion to seal the material, unless the designating entity consents to the public filing of such material or the Court orders that such material may be filed publicly.

### VII. USE OF SENSITIVE PERSONAL INFORMATION IN LITIGATION

No party or non-party may publicly disclose any Sensitive Personal Information without prior approval of this Court. A party or non-party seeking to file Sensitive Personal Information publicly in the docket of any action must redact such information before filing, unless the Sensitive Personal Information is relevant and necessary for the Court's understanding of the issues presented. In such circumstances, a party or non-party must file any unredacted Sensitive Personal Information under seal concurrently with a motion to seal the information.

### VIII. UNDERCOVER INFORMATION

The Commission's Undercover Information is protected from discovery. The Commission may redact Undercover Information from any Court filings, hearing or deposition exhibits, or discovery responses. No party may obtain Undercover Information from the Commission unless the Court finds that there is good cause for a party to receive such information.

### IX. TREATMENT OF CONFIDENTIAL MATERIALS AND SENSITIVE PERSONAL INFORMATION AFTER LITIGATION

Within 60 days of final resolution of all claims asserted in this action, all parties, experts, contractors, consultants, or other persons retained by any party to assist in this litigation, as well as any witness or non-party, must destroy or return all Confidential Material and Sensitive Personal Information they obtained during the course of the litigation, except as follows:

A. Designating entities may maintain copies of all of their own Confidential Material and Sensitive Personal Information.

B. The Commission shall retain, return, or destroy Confidential Material or Sensitive Personal Information in accordance with 16 C.F.R. § 4.12, including retaining such information to assist with ongoing law enforcement or bankruptcy matters, enforcement

of any final orders entered in this action, providing redress to consumers (if ordered by the Court), or any policy or research matters consistent with the Commission's mission, provided that the Commission continues to take all appropriate steps to protect the confidentiality of the materials.

C. Any law enforcement agency other than the Commission that has received copies of any Confidential Material or Sensitive Personal Information may retain such information to assist with other ongoing law enforcement matters, provided that the law enforcement agency continues to take all appropriate steps to protect the confidentiality of the materials.

D. Plaintiff States may retain Confidential Material or Sensitive Personal Information in accordance with their respective state laws and regulations, including any record retention obligations or policies.

E. Any congressional committee may maintain copies of Confidential Materials and Sensitive Personal Information obtained from the Commission as required under 15 U.S.C. § 57b-2 and 16 C.F.R. § 4.11(b).

This Order continues to govern Confidential Material and Sensitive Personal Information after the conclusion of the case, absent further order of the Court.

SO ORDERED, this 18 day of May, 2023.

_____
UNITED STATES DISTRICT JUDGE

## ADDENDUM

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

## EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>STATE OF COLORADO,<br><br>STATE OF FLORIDA,<br><br>PEOPLE OF THE STATE OF ILLINOIS,<br><br>COMMONWEALTH OF MASSACHUSETTS, and<br><br>PEOPLE OF THE STATE OF NEW YORK,<br><br>      Plaintiffs,<br><br>v.<br><br>ROOMSTER CORP., a corporation,<br><br>JOHN SHRIBER, individually and as an officer of Roomster Corp.,<br><br>ROMAN ZAKS, individually and as an officer of Roomster Corp., and<br><br>JONATHAN MARTINEZ, individually and doing business as AppWinn,<br><br>      Defendants. | Case No: 1:22-cv-7389 |

### ACKNOWLEDGEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, acknowledge that I have been provided with a copy of the Protective Order entered in this action, I have reviewed it and understand its terms, and I agree to be bound by

9

its terms and be subject to the jurisdiction of this Court in all matters relating to the Protective Order.

I will treat all Confidential Material and Sensitive Personal Information, as defined in the Protective Order, strictly in accordance with the terms set forth in the Protective Order. I will not share Confidential Material or Sensitive Personal Information with any unauthorized individual or entities, other than my counsel. I acknowledge that any unauthorized use or disclosure of such materials by me may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

_____
Signature

_____
Print Name

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFFS:**

**FOR THE FEDERAL TRADE COMMISSION:**

*[signature]*

ANGELEQUE P. LINVILLE
alinville@ftc.gov; (404) 656-1354
VALERIE M. VERDUCE
vverduce@ftc.gov; (404) 656-1355
Federal Trade Commission
225 Peachtree Street, Suite 1500
Atlanta, GA 30303
Facsimile: (404) 656-1379

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**FOR THE STATE OF CALIFORNIA:**

ROB BONTA
Attorney General, State of California

NICKLAS A. AKERS
Senior Assistant Attorney General

*/s/ Adelina Acuña*
―――――――――――――――――――

EMILY KALANITHI (NY 4191805)
Supervising Deputy Attorney General
emily.kalanithi@doj.ca.gov; (415) 510-3468
JON F. WORM (*admitted pro hac vice*)
Supervising Deputy Attorney General
jon.worm@doj.ca.gov; (619) 738-9325
ADELINA ACUÑA (*admitted pro hac vice*)
Deputy Attorney General
adelina.acuna@doj.ca.gov; (415) 510-3752
TIMOTHY E. SULLIVAN (*admitted pro hac vice*)
Deputy Attorney General
timothy.sullivan@doj.ca.gov; (510) 879-0987
CAROLINE E. WILSON (*admitted pro hac vice*)
Deputy Attorney General
callie.wilson@doj.ca.gov; (415) 229-0106

California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., 11th Fl.
San Francisco, CA 94102

Attorneys for Plaintiff
PEOPLE OF THE STATE OF CALIFORNIA

**FOR THE STATE OF COLORADO:**

PHILIP J. WEISER
Attorney General
State of Colorado


*/s/ Brady J. Grassmeyer*
_____
ABIGAIL M. HINCHCLIFF (admitted *pro hac vice*)
First Assistant Attorney General
Abigail.Hinchcliff@coag.gov; (720) 508-6000
BRADY J. GRASSMEYER (admitted *pro hac vice*)
Assistant Attorney General
Brady.Grassmeyer@coag.gov; (720) 508-6000
1300 Broadway, 10th Floor
Denver, CO 80203

Attorneys for Plaintiff
STATE OF COLORADO


**FOR THE STATE OF FLORIDA:**

ASHLEY MOODY
Attorney General, State of Florida


*/s/ Ryann H. Flack*
_____

Ryann H. Flack (admitted *pro hac vice*)
Ryann.Flack@myfloridalegal.com; (786) 792-6249
Miles Vaughn (admitted *pro hac vice*)
Miles.Vaugh@myfloridalegal.com; (813) 287-7257

Office of the Attorney General
Consumer Protection Division
SunTrust International Center
1 S.E. 3rd Avenue, Suite 900
Miami, FL 33131

Attorneys for Plaintiff
STATE OF FLORIDA

13

**FOR THE PEOPLE OF THE STATE OF ILLINOIS:**

KWAME RAOUL
Attorney General of Illinois


/s/ Elizabeth Blackston
_____
CASSANDRA HALM (admitted *pro hac vice*)
Assistant Attorney General
Cassandra.Halm@ilag.gov; (217) 725-9591

ELIZABETH BLACKSTON (admitted *pro hac vice*)
Bureau Chief
Elizabeth.Blackston@ilag.gov; (217) 725-8649

Office of the Illinois Attorney General
500 South Second Street
Springfield, IL 62701

Attorneys for Plaintiff
THE PEOPLE OF THE STATE OF ILLINOIS



**FOR THE COMMONWEALTH OF MASSACHUSETTS:**

ANDREA JOY CAMPBELL
Attorney General
Commonwealth of Massachusetts

/s/ Mychii Snape
_____
Mychii Snape (MS1544)
Assistant Attorney General
Mychii.Snape@mass.gov; (617) 727-2200
Consumer Protection Division
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108

Attorney for Plaintiff
COMMONWEALTH OF MASSACHUSETTS

14

**FOR THE PEOPLE OF THE STATE OF NEW YORK:**

LETITIA JAMES
Attorney General of the State of New York


*/s/ Christian Reigstad*
_____

MELVIN L. GOLDBERG
Assistant Attorney General
Melvin.Goldberg@ag.ny.gov; (212) 416-8296
CHRISTIAN REIGSTAD
Assistant Attorney General
Christian.Reigstad@ag.ny.gov; (212) 416-8321
28 Liberty Street
New York, New York 10005
Facsimile: 212-416-6003

Attorneys for Plaintiff
PEOPLE OF THE STATE OF NEW YORK

and

JANE M. AZIA
Bureau Chief
Consumer Frauds and Protection Bureau

LAURA J. LEVINE
Deputy Bureau Chief
Bureau of Consumer Frauds and Protection

Of Counsel for Plaintiff
PEOPLE OF THE STATE OF NEW YORK

**FOR DEFENDANTS ROOMSTER CORP., JOHN SHRIBER, AND ROMAN ZAKS:**

*/s/ Jennifer A. Surprenant*
_____

GREENBERG TRAURIG, LLP
Jennifer A. Surprenant
Sarah E. Atlas
One Vanderbilt Avenue
New York, NY 10017
Tel: (212) 801-9200
Fax: (212) 801-6400
SurprenantJ@gtlaw.com
atlass@gtlaw.com

Andrew G. Berg
2101 L Street, N.W.
Suite 1000
Washington, DC 20037
Tel: (202) 331-3181
berga@gtlaw.com

Gary E. Snyder
Terminus 200
3333 Piedmont Road NE
Suite 2500
Atlanta, GA 30305
Tel: (678) 553-2121
snyderg@gtlaw.com