UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

FEDERAL TRADE COMISSION, et al.,

                              **Plaintiffs,**         22-CV-7389 (CM)(SN)

          -against-                                   **ORDER**

ROOMSTER CORP., et al.,

                              **Defendants.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

Plaintiffs have filed a discovery motion related to two issues: (1) whether Defendants may have spoliated evidence and (2) Defendants' failure to meaningfully engage in discovery. ECF No. 85 ("Plf. Ltr."). In response, Defendants admit that they were "noncompliant with the [Discovery] Hold until late-Winter 2023." ECF No. 86 ("Def. Ltr."). With respect to the discovery deficiencies, Defendants contend that limited resources should be focused on settlement but, in any event, Defendants have endeavored to prioritize discovery consistent with Plaintiffs' requests.

**I.     Spoliation**

Although Plaintiffs filed their letter with the uncertainty of whether the Defendants complied with their preservation obligations, Defendants have now admitted that they did not. The FTC served its Civil Investigative Demand ("CID") on January 23, 2020. The CID "includes directives to stop all routine document destruction procedures and to take measures to prevent the destruction of documents in any way that relate to the investigation." Plf. Ltr. at 1. Despite this directive, defense counsel reports that sometime in "late-Winter 2023," it "discovered that

Defendants had not complied with the Hold despite receiving the Hold, which included clear guidance on the potential consequences of noncompliance." Def. Ltr. at 3. Defense counsel is vague as to how it learned of this issue at this late juncture – or why it is only being clearly conveyed now – despite the parties' Rule 26(f) conference in November 2022 and a March 15, 2023 deadline to exchange certain electronically stored information ("ESI") materials. ECF No. 75. Nevertheless, Defense counsel reports that Defendants continued to follow their pre-CID retention and destruction policies until Winter 2023, and that as a result, at least, "responsive material from Slack has been destroyed." Def. Ltr. at 3. Accordingly, it is undisputed that (1) Defendants had an obligation to preserve documents and (2) failed to do so.

Pursuant to Federal Rule of Civil Procedure 37(e), a court may sanction a party for failing to preserve relevant ESI if the court finds that the party was "act[ing] with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2). Where a party seeks a jury instruction for the spoliation of ESI, it must establish that (1) the spoliating party had control over the evidence and an obligation to preserve it at the time of destruction or loss; (2) the spoliating party acted with a culpable state of mind upon destroying or losing the evidence; and (3) the missing evidence is relevant to the moving party's claim. See Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002), superseded by rule on other grounds as recognized by CAT3, LLC v. Black Lineage, Inc., 164 F. Supp. 3d 488, 495 (S.D.N.Y. 2016). A party seeking spoliation sanctions has the burden of establishing the elements of a spoliation claim by a preponderance of the evidence. Sekisui Am. Corp. v. Hart, 945 F. Supp. 2d 494, 509–10 (S.D.N.Y. 2013)

In light of Plaintiffs' burden, they are entitled to discovery to establish Defendants' culpable state of mind. Such discovery should include defense counsel's litigation "Hold," if any,

and any other communication providing "clear guidance on the potential consequences of noncompliance." Def. Ltr. at 3. Plaintiffs are also entitled to all of Defendants' routine document destruction protocols and policies to better understand whether the lost information was a product of ordinary business practices or something more nefarious. For the avoidance of doubt, the Court concludes that the attorney-client privilege does not protect against the production of litigation hold communications. See Major Tours, Inc. v. Colorel, No. 05-cv-3091 (JBS) (JS), 2009 WL 2413631, at *3 (D.N.J. Aug. 4, 2009) ("most applicable authority from around the country provides that litigation hold letters should be produced if there has been a preliminary showing of spoliation"); Mcdevitt v. Verizon Servs. Corp., No. 14-cv-4125, 2016 WL 1072903, at *2 (E.D. Pa. Feb. 22, 2016) ("if Defendant produces evidence to substantiate its claim of spoliation, it would be entitled to receive copies of any litigation hold letters").

    Moreover, because Defendants have admitted to the spoliation, the only open questions are the relevance of the lost documents and whether Defendants acted in bad faith. Unless Defendants intend to admit that they destroyed documents in bad faith, they have waived their attorney-client privilege with respect to any good faith defense. See Scott v. Chipotle Mexican Grill, Inc., 67 F. Supp. 3d 607, 611 (S.D.N.Y. 2014).

    Accordingly, within one week of this order, Defendants shall produce (1) defense counsel's litigation "Hold," if any, and any other communication providing "clear guidance on the potential consequences of noncompliance," Def. Ltr. at 3, and (2) Defendants' routine document destruction protocols and policies.

## II.    Discovery Deficiencies

As best the Court understands, the discovery issues largely concern Plaintiffs' view that Defendants are not sufficiently engaged, rather than specific discovery disputes. Defendants respond that they have produced thousands of documents and are continuing to search for responsive documents. They also accuse the Plaintiffs of failing to engage with respect to search terms. Accordingly, the Court offers the following guidance:

- Within one week from this Order, Defendants shall serve supplemental responses that comply with Rule 34(b)(2)(B), (C). Specifically, Defendants must produce responsive documents or identify with specificity any documents that are being withheld and on what basis.

- Within one week from this Order, the parties shall meet and confer with respect to search terms for ESI discovery. If appropriate, Defendants shall provide "hit reports" to facilitate further negotiations. By June 23, 2023, the parties shall report to the Court whether they have an agreed-upon ESI protocol and if not, what disputes are outstanding

All other requests for relief are denied.

Finally, if the parties wish to schedule a settlement conference, they should promptly contact Courtroom Deputy Rachel Slusher at rachel_slusher@nysd.uscourts.gov. The Court is currently scheduling settlement conference for the months of August and September, and the parties should be prepared to offer several dates on which they are available.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:    June 1, 2023
         New York, New York