## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| PEOPLE OF THE STATE OF CALIFORNIA, | **Case No. 1:22-cv-7389** |
| STATE OF COLORADO, | **STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF AGAINST ROOMSTER CORP., JOHN SHRIBER, AND ROMAN ZAKS** |
| STATE OF FLORIDA, | |
| PEOPLE OF THE STATE OF ILLINOIS, | |
| COMMONWEALTH OF MASSACHUSETTS, and | |
| PEOPLE OF THE STATE OF NEW YORK, | |
| Plaintiffs, | |
| v. | |
| ROOMSTER CORP., a corporation, | |
| JOHN SHRIBER, individually and as an officer of ROOMSTER CORP., | |
| ROMAN ZAKS, individually and as an officer of ROOMSTER CORP, and | |
| JONATHAN MARTINEZ, individually and doing business as APPWINN, | |
| Defendants. | |



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/5/2003

Plaintiffs, the Federal Trade Commission ("Commission" or "FTC"), and the People of

the State of California, Attorneys General of the States of Colorado, Florida, and the

Commonwealth of Massachusetts, the People of the State of Illinois, and the People of the State

of New York ("Plaintiff States," and together with the FTC, "Plaintiffs"), filed their Complaint

for Permanent Injunction, Monetary Relief, and other Relief ("Complaint"), pursuant to Section

1

13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), the California

Unfair Competition Law and False Advertising Law, California Business and Professions Code

§§ 17200, *et seq.* and 17500, *et seq.*, the Colorado Consumer Protection Act, Colo. Rev. Stats.

§§ 6-1-101, *et seq.*, the Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part 11,

Florida Statutes, the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS

505/1, *et seq.*. Mass. Gen. Laws ch. 93A, § 2, and N.Y. Executive Law § 63(12) and N.Y. GBL

§§ 349 and 350. Plaintiffs and Defendants Roomster Corp., John Shriber, and Roman Zaks

stipulate to the entry of this Stipulated Order for Permanent Injunction. Monetary Judgment, and

Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Settling Defendants participated in deceptive acts or

practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45 and state statutes, in

connection with misrepresenting that endorsements were truthful reviews and by actual users of

Roomster's room and roommate finder platform. and misrepresenting that the platform has

verified, authentic, or available listings.

3.      Settling Defendants neither admit nor deny any of the allegations in the

Complaint, except as specifically stated in this Order. Only for purposes of this action, Settling

Defendants admit the facts necessary to establish jurisdiction.

4.      Settling Defendants waive and release any claims that they may have against the

Plaintiffs that relate to this action, including but not limited to any claim that they may have

under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this

2

action through the date of this Order, and agree to bear their own costs and attorney fees.

5.     Settling Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.     "**Defendants**" means all of the Individual Defendants and the Corporate Defendant, individually, collectively, or in any combination.

B.     "**Corporate Defendant**" means Roomster Corp. and its successors and assigns.

C.     "**Individual Defendants**" means John Shriber, Roman Zaks, and Jonathan Martinez individually and doing business as AppWinn.

D.     **"Settling Defendants"** means Roomster Corp. and its successors and assigns, John Shriber, and Roman Zaks.

E.     **"Individual Settling Defendants"** means John Shriber and Roman Zaks.

## ORDER

### I.     BAN ON CERTAIN REVIEW PRACTICES

IT IS ORDERED that Settling Defendants, in connection with promoting or offering for sale any product or service, are permanently restrained and enjoined from:

A. paying or otherwise providing incentives for any consumer review, whether directly or through an intermediary; or

B. using or disseminating any consumer review or endorsement where there is a relationship between the author of the review or endorser and any Settling Defendant that might materially affect the weight or credibility of the review or endorsement.

3

## II.     PROHIBITION AGAINST MISREPRESENTATIONS INVOLVING REVIEWS OR ENDORSEMENTS

IT IS FURTHER ORDERED that Settling Defendants, Settling Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any product or service are permanently restrained and enjoined from making any misrepresentation or assisting others in making any misrepresentation, expressly or by implication:

    A.  that any consumer review or endorsement is truthful or by an actual user of such product or service; or

    B.  through the use of any consumer review or endorsement of such product or service.

## III.     PROHIBITION AGAINST OTHER MISREPRESENTATIONS

IT IS FURTHER ORDERED that Settling Defendants, Settling Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any product or service are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

    A.  that a listing for a living arrangement is verified, authentic, or available;

    B.  any other fact material to consumers concerning any product or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics, including that the Settling Defendants' platform is a safe community with real members worldwide.

4

## IV.   MONITORING AFFILIATES

IT IS FURTHER ORDERED that Settling Defendants and their officers, agents,

employees, and attorneys, and all other persons in active concert or participation with any of

them, who receive actual notice of this Order, in connection with promoting or offering for sale

any product or service through any affiliate program, are permanently restrained and enjoined

from failing to:

A. Prior to doing business with any marketing affiliate, or for any current marketing affiliate, no later than 10 days after the date of service of this Order: (1) provide each marketing affiliate a copy of this Order; (2) obtain from each such marketing affiliate a signed and dated statement acknowledging receipt of this Order and expressly agreeing to comply with Sections I-III of this Order; and (3) clearly and conspicuously disclose in writing to each marketing affiliate that engaging in acts or practices prohibited by this Order will result in immediate termination of any marketing affiliate and forfeiture of all monies owed to such marketing affiliate;

B. Routinely monitor and review, on at least a monthly basis, and in a manner reasonably calculated to not disclose the monitoring activity until after it is conducted, all marketing materials including websites, emails, text messages, hyperlinks, sponsored search terms, and listings used by each marketing affiliate to advertise, promote, market, offer for sale, or sell any of the Settling Defendants' products or services;

C. Promptly and completely investigate any consumer complaint received by any person or entity to which this Section applies concerning any marketing affiliate to determine if the marketing affiliate is engaging in acts or practices prohibited by this Order;

5

D. Immediately terminate and halt the processing of any payments to or charges generated by any marketing affiliate that any Settling Defendant knows or should know has: (1) misrepresented, in any manner, the status of such affiliate, including but not limited to the misrepresentation that such affiliate is an independent user or ordinary consumer; or (2) has failed to disclose, clearly and prominently, a material connection, when one exists, between such affiliate and the Settling Defendants;

E. Immediately terminate and halt the processing of payments to or charges generated by any marketing affiliate that any Settling Defendant knows or should know has engaged in, or is engaging in, acts or practices prohibited by this Order; and

F. Fully refund, within five (5) business days, each consumer charged by any Settling Defendant whose sale originated from any marketing affiliate that any Settling Defendant knows or should know has engaged in, or is engaging in acts or practices prohibited by this Order.

## V.    REBUTTABLE PRESUMPTION

IT IS FURTHER ORDERED that in any action brought by any Plaintiff alleging a violation of Section IV of this Order, the failure to create and maintain records establishing compliance with Section IV creates a rebuttable presumption that Settling Defendants violated the provisions of that Section.

## VI.    MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A.    Judgment in the amount of Thirty-Six Million Two Hundred Sixty Thousand Eight Hundred Ninety-Nine Dollars and Eighty-Four Cents ($36,260,899.84) is entered in favor

of Plaintiff States against Settling Defendants, jointly and severally, as non-penalty equitable monetary relief.

B.      Settling Defendants are ordered to pay to Plaintiff States One Million Six Hundred Thousand Dollars and Zero Cents ($1,600,000.00), which, as Settling Defendants stipulate, One Million One Hundred Thousand Dollars and Zero Cents ($1,100,000.00) of which their undersigned counsel holds in escrow for no purpose other than payment to Plaintiff States. Such payment shall be made as follows: One Million One Hundred Thousand Dollars and Zero Cents ($1,100,000.00) within seven (7) days of entry of this Order and Five Hundred Thousand Dollars and Zero Cents ($500,000.00) within nine (9) months of entry of this Order by electronic funds transfer to Plaintiff People of the State of New York, which amount will be used, consistent with Section VI.G, *infra*, for restitution and administration of restitution to consumers on behalf of all Plaintiff States, in amounts determined at the sole discretion of the Plaintiff States. Upon such payment, the remainder of the judgment is suspended ("Suspended Equitable Amount"), subject to the other provisions in this Section.

C.      Plaintiff States' agreement to the Suspended Equitable Amount is expressly premised upon the truthfulness, accuracy and completeness of Defendants' sworn financial statements and related documents (collectively, "representations") submitted to Plaintiff States, namely:

1.      the Financial Statement of Individual Defendant John Shriber executed on February 2, 2023, including the attachments and supporting documents;

2.      the Financial Statement of Individual Defendant Roman Zaks executed on February 2, 2023, including the attachments and supporting documents;

3.    the Financial Statement of Corporate Defendant Roomster Corp executed on February 2, 2023, including the attachments and supporting documents;

4.    the updated Financial Statement of Individual Defendant John Shriber executed on February 24, 2023, including the attachments and supporting documents;

5.    the updated Financial Statement of Roman Zaks executed on February 23, 2023, including the attachments and supporting documents;

6.    the updated Financial Statement of Corporate Defendant Roomster Corp executed on February 4, 2023, including the attachments and supporting documents;

7.    the updated Financial Statement of Individual Defendant John Shriber executed on March 9, 2023, including the attachments and supporting documents;

8.    the updated supporting documents provided on March 14, 2023, including supporting expense Buildups, COGS Buildups, Consultant Fee Buildups, and updated Exhibits regarding Corporate Defendant Roomster Corp;

9.    the following financial disclosure follow-up email correspondence from Defendants' counsel:

> i.   February 27, 2023;
>
> ii.  March 14, 2023; and
>
> iii. April 5, 2023.

10.    the Updated Annex A provided by Sarah Atlas on March 9, 2023;

11.    Roomster's narrative response regarding RFP #13 provided by James Curbow on April 5, 2023, including the corresponding Annexes also provided on April 5, 2023;

12.    the Declaration of John Shriber executed on April 11, 2023; and

8

13.    the Shriber Appraisals provided by Sarah Atlas on June 7, 2023.

D.    The suspension of the Suspended Equitable Amount shall be lifted as to any Settling Defendant if, upon motion by any Plaintiff State, the Court finds that a Settling Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the representations identified above, or violated Section I, II, III, IV, VI.B, or IX of this Order.

E.    If the suspension of the Suspended Equitable Amount of the judgment is lifted, the judgment becomes immediately due as to that Settling Defendant in the amount specified in Subsection VI.A, above, (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint) less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order pursuant to 28 U.S.C. § 1961.

F.    Settling Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants previously submitted to Plaintiff States, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

G.    All money paid to Plaintiff People of the State of New York pursuant to this Order ("joint monies") shall be deposited into a fund administered by the State of New York or its agents on behalf of Plaintiff States. This fund shall be used for equitable relief, including but not limited to, restitution to consumers, and any attendant expenses for the administration of any such equitable relief. In the event that Plaintiff States determine that direct restitution to consumers is wholly or partially impracticable or money remains after restitution is completed,

Plaintiff States may, in their discretion, apply any remaining money for attorneys' fees and costs, or other purposes specifically authorized by law.

H.     All joint funds not used for the equitable relief described in Paragraph G of this Section ("remaining joint funds") shall be divided equally between Plaintiff States to be used for fees and costs in this matter, or other purposes specifically authorized by law.

I.     Settling Defendants have no right to challenge any actions Plaintiff States or their representatives may take pursuant to this Section.

## VII.   CIVIL PENALTY JUDGMENT AND SUSPENSION

IT IS FURTHER ORDERED that:

A.     Judgment is entered in favor of Plaintiff States against Settling Defendants, jointly and severally, as a civil penalty as follows:

1.     Judgment in the amount of Two Million Eighty-Four Thousand One Hundred Dollars and Zero Cents ($2,084,100.00) in favor of Plaintiff the People of the State of California for civil penalties pursuant to California Business & Professions Code, sections 17206 and 17536;

2.     Judgment in the amount of Five Hundred Sixty-Five Thousand Eight Hundred Fifty Dollars and Zero Cents ($565,850.00) in favor of Plaintiff, State of Colorado, pursuant to Colo. Rev. Stat. § 6-1-112;

3.     Judgment in the amount of Two Million Eighty-Four Thousand One Hundred Dollars and Zero Cents ($2,084,100.00) in favor of Plaintiff, State of Florida, for civil penalties pursuant to Section 501.2075, Florida Statutes;

4.      Judgment in favor of Plaintiff People of the State of Illinois in the amount of Two Million Eighty-Four Thousand One Hundred Dollars and Zero Cents ($2,084,100.00) pursuant to 815 ILCS 505/7;

5.      Judgment in the amount of Two Million Eighty-Four Thousand One Hundred Dollars and Zero Cents ($2,084,100.00) in favor of Plaintiff, the Commonwealth of Massachusetts, pursuant to M.G.L. c. 93A, § 2 and 4; and

6.      Judgment in the amount of Two Million Sixty-Five Thousand Eight Hundred Fifty Dollars and Zero Cents ($2,065,850.00) in favor of Plaintiff, People of the State of New York, for civil penalties pursuant to New York GBL § 350-d.

7.      Upon payment of the equitable relief described in Subsection VI.B, the civil penalties shall be suspended. Plaintiff States' agreement to suspend the civil penalties judgment is expressly premised upon the truthfulness, accuracy and completeness of Settling Defendants' representations delineated in Subsection VI.C. above.

B.      The suspension of the civil penalties judgment will be lifted as to any Settling Defendant if, upon motion by any Plaintiff State, the Court finds that a Settling Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the representations identified above in VI.C, or violated Section I, II, III, IV, VI.B, or IX of this Order.

C.      If the suspension of the civil penalties judgment is lifted, the judgment becomes immediately due as to that Settling Defendant in favor of Plaintiff States in the amount specified in Subsection VII.A(1)-(6), above.

11

## VIII.   ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.      Settling Defendants relinquish dominion and all legal and equitable right. title.
and interest in all assets transferred pursuant to this Order and may not seek the return of any
assets.

B.      The facts alleged in the Complaint will be taken as true, without further proof, in
any subsequent civil litigation by or on behalf of Plaintiff States, including in a proceeding to
enforce their rights to any payment or monetary judgment pursuant to this Order. such as a
nondischargeability complaint in any bankruptcy proceeding.

C.      Settling Defendants stipulate and agree that the facts alleged in the Complaint
establish all elements necessary to sustain an action pursuant to Section 523(a)(2)(A) of the
Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and those facts shall be accepted as true in any
bankruptcy proceeding.  This Order will have collateral estoppel effect for such purposes.

D.      If any clause. provision, or section of this order shall, for any reason, be held to be
invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability
shall not affect any other clause, provision, or section of this Order and this Order shall be
construed and enforced as if such invalid, illegal, or unenforceable clause, provision, or section
had not been contained herein.

E.      Settling Defendants agree that the civil penalty judgment represents a civil
penalty owed to governmental units, is not compensation for actual pecuniary loss. and,
therefore, it is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C.
§ 523(a)(7).

12

F.      Plaintiff States may apply any money received by them pursuant to this Order for any purpose permitted under state law. Settling Defendants have no right to challenge any actions Plaintiff States or their representatives may take pursuant to Sections VI-VIII.

## IX.    CUSTOMER INFORMATION

IT IS FURTHER ORDERED that:

A.      Settling Defendants, Settling Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly failing to provide sufficient customer information to enable Plaintiff States to efficiently administer consumer redress.

B.      If a representative of Plaintiff States requests in writing any information related to redress, Settling Defendants must provide it, in the form prescribed by Plaintiff States, within 14 days.

## X.    COOPERATION

IT IS FURTHER ORDERED that Settling Defendants must fully cooperate with representatives of Plaintiffs in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Settling Defendants must provide truthful and complete information, evidence, and testimony. Individual Settling Defendants must appear and Corporate Defendant must cause Corporate Defendant's officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Plaintiff representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Plaintiff representative may designate, without the service of a subpoena.

13

## XI.    ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Settling Defendants obtain acknowledgments of receipt of this Order:

A.    Each Settling Defendant, within 7 days of entry of this Order, must submit to Plaintiffs an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.    For 5 years after entry of this Order, each Individual Settling Defendant for any business that such Individual Settling Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.    From each individual or entity to which a Settling Defendant delivered a copy of this Order, that Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XII.    COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Settling Defendants make timely submissions to Plaintiffs:

A.    One year after entry of this Order, each Settling Defendant must submit a compliance report, sworn under penalty of perjury:

1.    Each Settling Defendant must: (a) identify the primary physical, postal.

14

and email address and telephone number, as designated points of contact. which
representatives of the Plaintiffs may use to communicate with Settling Defendant: (b)
identify all of that Settling Defendant's businesses by all of their names, telephone
numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of
each business, including the products and services offered, the means of advertising,
marketing, and sales, any use of consumer endorsements, incentives to endorsers, and any
connections to any endorsers, including copies of any endorsement where there is any
connection to the endorser, and the involvement of any other Defendant (which
Individual Settling Defendants must describe if they know or should know due to their
own involvement); (d) identify the total dollar amount of all monies paid to each Plaintiff
State pursuant this Order; (e) describe in detail whether and how that Settling Defendant
is in compliance with each Section of this Order; and (f) provide a copy of each Order
Acknowledgment obtained pursuant to this Order, unless previously submitted to the
Commission.

2.      Additionally, each Individual Settling Defendant must:  (a) identify all
telephone numbers and all physical, postal, email and Internet addresses, including all
residences; (b) identify all business activities, including any business for which such
Individual Settling Defendant performs services whether as an employee or otherwise
and any entity in which such Individual Settling Defendant has any ownership interest;
and (c) describe in detail such Individual Settling Defendant's involvement in each such
business, including title, role, responsibilities, participation, authority, control, and any
ownership.

15

B.      For 20 years after entry of this Order, each Settling Defendant must submit a
compliance notice, sworn under penalty of perjury, within 14 days of any change in the
following:

1.      Each Settling Defendant must report any change in: (a) any designated
point of contact; or (b) the structure of any Corporate Defendant or any entity that
Settling Defendant has any ownership interest in or controls directly or indirectly that
may affect compliance obligations arising under this Order, including: creation, merger,
sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any
acts or practices subject to this Order.

2.      Additionally, each Individual Settling Defendant must report any change
in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role
in any business activity, including any business for which such Individual Settling
Defendant performs services whether as an employee or otherwise and any entity in
which such Individual Settling Defendant has any ownership interest, and identify the
name, physical address, and any Internet address of the business or entity.

C.      Each Settling Defendant must submit to Plaintiffs notice of the filing of any
bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Settling
Defendant within 14 days of its filing.

D.      Any submission to Plaintiffs required by this Order to be sworn under penalty of
perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I
declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full
name, title (if applicable), and signature.

16

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin with: *FTC et al. v. Roomster et al.*, Matter No. X220031. All submissions to Plaintiff States pursuant to this order must be emailed to: emily.kalanithi@doj.ca.gov, jon.worm@doj.ca.gov, adelina.acuna@doj.ca.gov, timothy.sullivan@doj.ca.gov, and callie.wilson@doj.ca.gov (for Plaintiff the People of the State of California), Abigail.Hinchcliff@coag.gov and Brady.Grassmeyer@coag.gov (for Plaintiff State of Colorado), Ryann.Flack@myfloridalegal.com and Miles.Vaughn@myfloridalegal.com (for Plaintiff the State of Florida), Cassandra.Halm@ilag.gov and Thomas.Pearson@ilag.gov (for Plaintiff People of the State of Illinois), Mychii.Snape@mass.gov (for Plaintiff Commonwealth of Massachusetts), and Melvin.Goldberg@ag.ny.gov and Christian.Reigstad@ag.ny.gov (for Plaintiff the People of the State of New York).

## XIII.  RECORDKEEPING

IT IS FURTHER ORDERED that Settling Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendant and each Individual Settling Defendant for any business that such Settling Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.      accounting records showing the revenues from all products or services sold;

B.      personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position;

17

dates of service; and (if applicable) the reason for termination;

C.      records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response; and

D.      all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to Plaintiffs.

### XIV.   COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Settling Defendants' compliance with this Order, including any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of a Plaintiff, each Settling Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  Each Plaintiff is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, each Plaintiff is authorized to communicate directly with each Settling Defendant.  Settling Defendants must permit representatives of the Plaintiffs to interview any employee or other person affiliated with any Settling Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.      Plaintiffs may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Settling Defendants or any individual or entity affiliated with Settling Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.     Upon written request from a representative of a Plaintiff, any consumer reporting

agency must furnish consumer reports concerning Individual Settling Defendants, pursuant to

Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XV.    RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this ___ day of _____, 2023.**

_____
UNITED STATES DISTRICT JUDGE

19

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFFS:**

**FOR THE FEDERAL TRADE COMMISSION:**

Dated: 8/21/23

ANGELEQUE P. LINVILLE
alinville@ftc.gov; (404) 656-1354
VALERIE M. VERDUCE
vverduce@ftc.gov; (404) 656-1355
Federal Trade Commission
225 Peachtree Street, Suite 1500
Atlanta, GA 30303
Facsimile: (404) 656-1379

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**FOR THE PEOPLE OF THE STATE OF CALIFORNIA:**

Dated: August 18, 2023

ROB BONTA
Attorney General, State of California

NICKLAS A. AKERS
Senior Assistant Attorney General

*Emily C. Kalanithi*

EMILY KALANITHI (NY 4191805)
Supervising Deputy Attorney General
emily.kalanithi@doj.ca.gov; (415) 510-3468
JON F. WORM (*admitted pro hac vice*)
Supervising Deputy Attorney General
jon.worm@doj.ca.gov; (619) 738-9325

ADELINA ACUÑA (*admitted pro hac vice)*
Deputy Attorney General
adelina.acuna@doj.ca.gov; (415) 510-3752
TIMOTHY E. SULLIVAN (*admitted pro hac vice)*
Deputy Attorney General
timothy.sullivan@doj.ca.gov; (510) 879-0987
CAROLINE E. WILSON (*admitted pro hac vice*)
Deputy Attorney General
callie.wilson@doj.ca.gov; (415) 229-0106

California Department of Justice
Office of the Attorney General
455 Golden Gate Ave., 11th Fl.
San Francisco, CA 94102

Attorneys for Plaintiff
PEOPLE OF THE STATE OF CALIFORNIA

**FOR THE STATE OF COLORADO:**

Dated: 8/18/2023

PHILIP J. WEISER
Attorney General
State of Colorado

ABIGAIL M. HINCHCLIFF (*admitted pro hac vice*)
First Assistant Attorney General
Abigail.Hinchcliff@coag.gov; (720) 508-6000

BRADY J. GRASSMEYER (*admitted pro hac vice*)
Assistant Attorney General
Brady.Grassmeyer@coag.gov; (720) 508-6000

1300 Broadway, 10th Floor
Denver, CO 80203

Attorneys for Plaintiff
STATE OF COLORADO

**FOR THE STATE OF FLORIDA:**

Dated: _8/17/23_

ASHLEY MOODY
Attorney General, State of Florida

RYANN FLACK (*admitted pro hac vice*)
Miami Bureau Chief
Ryann.Flack@myfloridalegal.com; (786) 792-6249
MILES VAUGHN (*admitted pro hac vice*)
Assistant Attorney General
Miles.Vaughn@myfloridalegal.com; (813)287-7257
Office of the Attorney General
Consumer Protection Division
SunTrust International Center
1 S.E. 3rd Avenue, Suite 900
Miami, FL 33131

Attorneys for Plaintiff
STATE OF FLORIDA

**FOR THE PEOPLE OF THE STATE OF ILLINOIS:**

Dated:  8-18-23

THE PEOPLE OF THE STATE OF
ILLINOIS, by KWAME RAOUL,
ATTORNEY GENERAL OF ILLINOIS


CASSANDRA HALM (*admitted pro hac vice*)
Assistant Attorney General
Cassandra.Halm@ilag.gov; (217) 725-9591

ELIZABETH BLACKSTON (*admitted pro hac vice*)
Bureau Chief
Elizabeth.Blackston@ilag.gov; (217) 725-8649

Office of the Illinois Attorney General
500 South Second Street
Springfield, IL 62701

Attorneys for Plaintiff
PEOPLE OF THE STATE OF ILLINOIS

24

**FOR THE COMMONWEALTH OF MASSACHUSETTS:**

Dated: _____

ANDREA JOY CAMPBELL
Attorney General
Commonwealth of Massachusetts

_____

Mychii Snape (MS1544)
Assistant Attorney General
Mychii.Snape@mass.gov; (617) 727-2200
Consumer Protection Division
Office of the Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108

Attorney for Plaintiff
COMMONWEALTH OF MASSACHUSETTS

**FOR THE PEOPLE OF THE STATE OF NEW YORK:**

Dated: ____8/21/23____

LETITIA JAMES
Attorney General of the State of New York

MELVIN L. GOLDBERG
Assistant Attorney General
Melvin.Goldberg@ag.ny.gov; (212) 416-8296
Christian Reigstad
Assistant Attorney General
Christian.Reigstad@ag.ny.gov; (212) 416-8321
28 Liberty Street
New York, New York 10005
Facsimile: 212-416-6003


Attorney for Plaintiff
PEOPLE OF THE STATE OF NEW YORK

and

JANE M. AZIA
Bureau Chief
Consumer Frauds and Protection Bureau

LAURA J. LEVINE
Deputy Bureau Chief
Bureau of Consumer Frauds and Protection

Of Counsel for Plaintiff
PEOPLE OF THE STATE OF NEW YORK

**FOR DEFENDANTS ROOMSTER CORP., JOHN SHRIBER, AND ROMAN ZAKS:**

GREENBERG TRAURIG, LLP
Jennifer A. Surprenant
Sarah E. Atlas
One Vanderbilt Avenue
New York, NY 10017
Tel: (212) 801-9200
Fax: (212) 801-6400
SurprenantJ@gtlaw.com
atlass@gtlaw.com

Andrew G. Berg
2101 L Street, N.W.
Suite 1000
Washington, DC  20037
Tel: (202) 331-3181
berga@gtlaw.com

Gary E. Snyder
Terminus 200
3333 Piedmont Road NE
Suite 2500
Atlanta, GA  30305
Tel: (678) 553-2121
snyderg@gtlaw.com

**DEFENDANTS:**

_____     Date: _____
JOHN SHRIBER, INDIVIDUALLY
AND AS AN OFFICER OF ROOMSTER CORP.

_____.     Date: _____
ROMAN ZAKS, INDIVIDUALLY
AND AS AN OFFICER OF ROOMSTER CORP.

27

**FOR DEFENDANTS ROOMSTER CORP., JOHN SHRIBER, AND ROMAN ZAKS:**

GREENBERG TRAURIG, LLP
Jennifer A. Surprenant
Sarah E. Atlas
One Vanderbilt Avenue
New York, NY 10017
Tel: (212) 801-9200
Fax: (212) 801-6400
SurprenantJ@gtlaw.com
atlass@gtlaw.com

Andrew G. Berg
2101 L Street, N.W.
Suite 1000
Washington, DC  20037
Tel: (202) 331-3181
berga@gtlaw.com

Gary E. Snyder
Terminus 200
3333 Piedmont Road NE
Suite 2500
Atlanta, GA  30305
Tel: (678) 553-2121
snyderg@gtlaw.com

**DEFENDANTS:**

Date: 06/21/2023

JOHN SHRIBER, INDIVIDUALLY
AND AS AN OFFICER OF ROOMSTER CORP.

Date: _____

ROMAN ZAKS, INDIVIDUALLY
AND AS AN OFFICER OF ROOMSTER CORP.

27

**FOR DEFENDANTS ROOMSTER CORP., JOHN SHRIBER, AND ROMAN ZAKS:**

GREENBERG TRAURIG, LLP
Jennifer A. Surprenant
Sarah E. Atlas
One Vanderbilt Avenue
New York, NY 10017
Tel: (212) 801-9200
Fax: (212) 801-6400
SurprenantJ@gtlaw.com
atlass@gtlaw.com

Andrew G. Berg
2101 L Street, N.W.
Suite 1000
Washington, DC  20037
Tel: (202) 331-3181
berga@gtlaw.com

Gary E. Snyder
Terminus 200
3333 Piedmont Road NE
Suite 2500
Atlanta, GA  30305
Tel: (678) 553-2121
snyderg@gtlaw.com

**DEFENDANTS:**

_____     Date: _____
JOHN *SHRIBER*, INDIVIDUALLY
AND AS AN OFFICER OF ROOMSTER CORP.

_____     Date:   06/21/2023
ROMAN ZAKS, INDIVIDUALLY
AND AS AN OFFICER OF ROOMSTER CORP.

27

**FOR DEFENDANTS ROOMSTER CORP., JOHN SHRIBER, AND ROMAN ZAKS:**

_____

GREENBERG TRAURIG, LLP
Jennifer A. Surprenant
Sarah E. Atlas
One Vanderbilt Avenue
New York, NY 10017
Tel: (212) 801-9200
Fax: (212) 801-6400
SurprenantJ@gtlaw.com
atlass@gtlaw.com

Andrew G. Berg
2101 L Street, N.W.
Suite 1000
Washington, DC 20037
Tel: (202) 331-3181
berga@gtlaw.com

Gary E. Snyder
Terminus 200
3333 Piedmont Road NE
Suite 2500
Atlanta, GA 30305
Tel: (678) 553-2121
snyderg@gtlaw.com

**DEFENDANTS:**

_____    Date: _____

JOHN SHRIBER, INDIVIDUALLY
AND AS AN OFFICER OF ROOMSTER CORP.

_____    Date: 06/21/2023

ROMAN ZAKS, INDIVIDUALLY
AND AS AN OFFICER OF ROOMSTER CORP.

27